McKinney, J.,
delivered tbe opinion of tbe Court.
The original bill seeks a specific execution of a contract entered into between Aiden Humbard and bis son, Samuel Humbard — both of whom are dead — for the conveyance of a tract of land, of about 170 acres, situate in Greene county; and tbe cross-bill seeks a rescission of said contract.
The contract is evidenced by an instrument under seal, bearing date 13th of January, 1846. The object of this arrangement was to secure to the father, and his wife, and an unmarried daughter, the means of support and maintenance during the lives of the old folks — both of whom were of an advanced age. By the terms of the covenant, Samuel Hum-bard was to be let into the immediate possession of the place ; and was bound to give to the old people one-third of all that should be raised on the place; and if this were not sufficient, he was to furnish them a “ decent support.” And the father was bound, on his son’s compliance with the stipulations of the covenant on his part, to make to him a good and sufficient conveyance, in fee simple, for said tract of land. The covenant contains various minor-stipulations, not necessary to be noticed in our view of the case.
Aiden Humbard died in 1849, and his wife died previously. Samuel Humbard died in November, 1853. The latter took possession of said place at the date of the contract, in January, 1846, and remained in possession till his death; and the complainants — who are his widow and children — have retained the possession ever since. On the-day of October, 1855, the original bill was filed by the children and widow of Samu-' el Humbard, to obtain a legal title to said tract of land, in pursuance of said covenant. This was resisted by the defendants, who are the other heirs at law of Aiden Humbard, on the ground of failure on the part of said Samuel Humbard to perform the stipulations of the contract. And on the 5th of May, 1856, said defendants filed a cross-bill, to have said *102 contract rescinded, and the covenant cancelled, as forming a cloud on their legal title to said tract of land.
Much testimony was adduced, to establish, on the one side, a compliance with his contract by Samuel Humbard ; and, on the other, his failure to perform the same. We deem it unnecessary to notice the proof, further than to remark, that it does not make out such a ease as clearly entitles the complainants in the original bill to a specific execution of the contract. Such was the view of the Chancellor, and he dismissed the original bill. But the cross-bill was entertained, and a decree made rescinding the contract, cancelling the covenant, and decreeing a sale of the land, for the purpose of partition ; and likewise charging the estate of Samuel Humbard with rent from the death of his father.
The decree in the original cause is correct, and will be affirmed ; but the decree upon the cross-bill is erroneous, and must be reversed.
It must be remembered that applications to a Court of Equity, either for the specific performance, or rescission of contracts, is not a matter of absolute right in either party; but a matter of sound discretion in the Court, to be exercised according to what, under all the circumstances of the case, may appear to be reasonable and proper. Hence, it not un-frequently occurs, that the .Court will refuse to decree a specific performance of an agreement, at the instance of one party ; and yet will decline to order it to be cancelled, or rescinded, on the application of the other party; but will leave the parties to their legal remedies. 2 Story’s Eq., sec. 693, 742.
Such, we think, was the proper course to have been pursued in the present case.
While the complainants in the original cause have not made out a clear case for a specific performance of the contract, it will be found, perhaps, on a careful examination of the proof, that the parties in the cross-bill have not made a better case for a rescission and cancellation of the covenant.
We see from the record, that Samuel Humbard and his fam- *103 By have been in possession of the land for upwards of ten years preceding the filing of the cross-bill, under said covenant. Whether or not any legal right to the land was thereby acquired, is a question upon which, at present, it would not be proper to intimate an opinion. This question is peculiarly appropriate to the legal forum, and the parties should ■have been left to litigate it there; but by the decree on the -cross-bill, they are precluded from doing so. The delay of the complainants in the cross-bill to assert any right to the land, or to ask a rescission of the contract, for so long a period after the death of Aiden Iiumbard, and until after an application was made, by the other parties, for a specific execution of the contract, cannot escape observation, as a further reason for refusing to entertain the cross-bill-
It is obvious that, inasmuch as the right to a specific performance has been denied, the existence of the covenant interposes no obstacle, in a Court of Law, to the investigation and determination of' the legal rights of the .parties; and, consequently, there was no necessity for filing the eross-bill in this ease.
It was error to charge the estate of Samuel Humbard with rent, under the circumstances of this ease. But in the view we have taken of the case, it is not necessary to discuss this question.
The decree in the cross-cause will be reversed, and the cross-bill dismissed.